The **OFFSHORE COMPANY**, as Owner
of **DRILL BARGE RIG 58**, Libellant,

v.

**G & H OFFSHORE TOWING CO.**, Inc.
and the **TUG JUNO**, Respondent.

No. 64–H–88.

United States District Court
S. D. Texas,
Houston Division.

May 16, 1967.

See also, D.C., 262 F.Supp. 282.

Vinson, Elkins, Weems & Searls, Robert M. Julian, Houston, Tex., for libellant.

Royston, Rayzor & Cook, M. L. Cook, Houston, Tex., for respondent.

ON MOTION TO CONFIRM—AND EX-
CEPTIONS TO—THE REPORT
OF THE SPECIAL COMMIS-
SIONER

CONNALLY, District Judge.

Following the filing of memorandum opinion herein June 10, 1966, this matter was referred to Ed Bluestein, Jr., Esq., a member of the bar of this Court, as Special Commissioner to determine the damages. After hearing, such Special Commissioner on March 3, 1967, filed his report. It is largely in favor of the respondent and cross-libellant G & H. Thus G & H has moved to confirm the report, and Offshore urges a number of exceptions thereto. By reason thereof, and further by reason of the fact that other issues as to damage remain undecided, I make the following rulings.

Such report notes that G & H has abandoned its contractual claim for additional compensation based on the added time required to complete the towage to Trinidad as result of the deviation into Key West. Such being the case, the action of the Commissioner in denying recovery is clearly right.

With respect to port charges of $544.-30 incurred by G & H at Key West, I am of the view that they were properly chargeable under the contract with Offshore and that recovery should be allowed therefor, with interest from the date that they were paid until the date of judgment.

With respect to the claim of Offshore, the principal items are its claim

for detention at the rate of $4,200.00 per day for a period of ten days, and its cost of repairs to the barge. With respect to the former I am of the view that the Special Commissioner was clearly right in disallowing this item in the absence of any proof that the barge lost any employment or that its drilling contract at Trinidad was in anywise adversely affected by the delay.

The principal question is that of the cost of the repairs. As is evident from an examination of the memorandum opinion of this Court of June 10, 1966, I was then of the view that the evidence on damages likely would show that the continued exposure of the barge to the salt water which had intruded both in her forward compartments and in her deckhouse had increased the damage, and occasioned additional repairs, which would not have been necessary had prompt action been taken for her relief. It appears, however, that there is substantial evidence which the Special Commissioner has credited that such was not the case; and that large quantities of salt water entered the deckhouse when the barge first began going down by the head. The findings that the damage was not increased by the delay of the JUNO in heading for a port of refuge finds ample support in the evidence.

There is admittedly due from Offshore to G & H the sum of $19,375.00 withheld on the towage contract, by way of anticipated set-off. G & H is entitled to recover this sum. As the amount is liquidated and became due at the time of the towage, interest at the rate of 6% is allowed from that date to the date of decree.

G & H seeks to recover its attorneys' fees in this proceeding, and points to a provision in its written contract of towage providing essentially that court costs and attorneys' fees shall be added to its recovery where it recovers its towage charges after suit filed. Thus, this provision applies only to the cross-libel. Offshore's obligation and ability to pay the $19,375.00 has not been in controversy. The only contest here has been with respect to the libel of Offshore charging the JUNO with fault in connection with the towing. I do not consider that G & H is entitled to attorneys' fees, and recovery of this item is denied.

The report of the Special Commissioner is confirmed. He has carefully analyzed and considered the issues presented, and the evidence. A fee for the Special Commissioner in the amount of $3,000.00 is fixed, and taxed as costs. Costs of court are taxed against the libellant. Proctor for G & H will prepare appropriate decree and forward same to proctor for Offshore for approval as to form. He will either approve or disapprove, in which latter event he will advise the Court in writing of his objections to the form of the decree.